IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN LUSH,

                Plaintiff,

  v.

RHONDA L. LANDFORD, STEPHANIE L. LAUSER,
TOCA SOCER CENTER MADISON, BRENT W.
JACOBSON, WISCONSIN INTERSCHOLASTIC
ATHLETIC ASSOCIATION, TOCA FOOTBALL, INC.,
DIRECTOR TIMOTHY C. SAMUELSON, and
ANDERSON O'BRIEN, LLP,

                Defendants.

OPINION and ORDER

23-cv-503-wmc

---

STEPHEN LUSH,

                Plaintiff,

  v.

KALVIN D. BARRETT and ISMAEL R. OZANNE,

                Defendants.

OPINION and ORDER

23-cv-510-wmc

---

STEPHEN LUSH,

                Plaintiff,

  v.

LAWRENCE EDGAR BECHLER, MIDDLETON
POLICE DEPARTMENT, ISMAEL R. OZANNE,
MICHELLE C. SCHWARTZ, AMANDA JANE
KAISER, DAVID L. SCHON, MADISON POLICE
DEPARTMENT, MATTHEW WACHTER, and
BOARDMAND & CLARK LLP,

                Defendants.

OPINION and ORDER

23-cv-537-wmc

STEPHEN LUSH,

                Plaintiff,

v.

,

                Defendants.

OPINION and ORDER

23-cv-538-wmc

---

STEPHEN LUSH,

                Plaintiff,

v.

CHRISTINE LYN TAYLOR, CARLO ESQUEDA,
VALERIA L. BAILEY-RIHN, W. SCOTT
MCANDREW, and CAROL CHRISTIE,

                Defendants.

OPINION and ORDER

23-cv-539-wmc

---

      Pro se plaintiff Stephen Lush is proceeding in forma pauperis in the above-captioned civil actions, so the court must screen his complaint in each lawsuit and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. However, Lush's recent submissions give rise to three issues the court must address now.

      *First,* Lush has filed numerous amended complaints and exhibits in these cases. The court cannot screen his complaint if he continues to submit new materials for consideration. Lush is advised that for screening purposes, the court will consider Lush's most recently filed complaint or amended complaint, and that pleading alone. The court will not consider any further submissions from Lush until the court has entered its order screening the most recent pleading.

2

*Second*, Lush has included uncivil language in filings in other matters before this court. *See, e.g.*, Case No. 23-cv-380-wmc, dkt. #42; Case No. 23-cv-443-wmc, dkt. #26. Any future submissions containing uncivil language will be stricken, and Lush will be subject to sanctions up to and including dismissal of his cases with prejudice and a filing restriction.

*Third,* Lush filed a notice of appeal in Case No. 23-cv-537-wmc. ('537 case, dkt. #21.) The court has not entered any dispositive orders in that case; the only order entered allowed Lush to proceed without prepayment of the filing fee. That was not a final order, and a party may appeal a non-final decision in only rare situations. Under 28 U.S.C. § 1292:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The court's only order in the '537 case involves "no apparent controlling question of law as to which there is substantial ground for difference of opinion," and Lush has not argued or shown otherwise. Instead, Lush's notice of appeal says that this court has refused to allow the clerk of court to sign a summons. The clerk of court has been following this court's standard practice of screening complaints under 28 U.S.C. § 1915(e)(2) before issuing summonses. Therefore, the court will deny Lush leave to take an interlocutory appeal under § 1292(b).

Even so, Lush's notice of interlocutory appeal has triggered certain obligations. Whether or not his appeal is dismissed, the Seventh Circuit directs that an appellate docketing fee ($505) is due immediately upon the filing of a notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). Lush has not sought leave to appeal *in forma pauperis* yet, but the court expects he will. Although Lush's previous submissions in this case confirm that eligible to proceed *in forma pauperis,* the court must also find that the appeal is taken in good faith for

3

purposes of Federal Rule of Appellate Procedure 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith."). Because Lush has no good faith basis to appeal anything that occurred in this matter, the court will certify that his appeal is *not* taken in good faith. Accordingly, Lush will not be granted leave to proceed *in forma pauperis* on appeal.

Because this court has denied certification of the appeal, Lush cannot proceed with his appeal without prepaying the $505 filing fee *unless* the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24(a)(4) and (5), Lush has 30 days from the date of this order in which to file a motion in the court of appeals to review this denial of leave to proceed *in forma pauperis* on appeal, should he wish to do so. Along with his motion, Lush must include an affidavit as described in Federal Rule of Appellate Procedure 24(a)(1), along with a statement of issues he intends to argue on appeal. Lush must also send along a copy of this order.

Lush must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis*. Instead, it may require Lush to pay the entire $505 filing fee before it considers his appeal. If he does not pay the fee within the 30-day deadline set forth above, it is also possible that the court of appeals will dismiss the appeal. Given that he appears to be attempting to appeal from a non-appealable, pre-judgment order, dismissal of his appeal is likely in any event.

ORDER

IT IS ORDERED that:

1. Plaintiff Stephen Lush is DIRECTED to stop submitting new complaints and exhibits in his cases under advisement for screening as required by 28 U.S.C. § 1915(e)(2). The court will not consider any further submissions from Lush in Case Nos. 23-cv-503-wmc, 23-cv-510-wmc, 23-cv-537-wmc, 23-cv-538-wmc, or 23-cv-539-wmc, until the court has entered its order screening the most recent pleading.

2. Any future submissions from Lush containing uncivil or disrespectful language will be stricken, and Lush will be subject to sanctions up to and including dismissal of his cases with prejudice and a filing restriction.

3. Lush's request for leave to take an interlocutory appeal in Case No. 23-cv-537-wmc (dkt. #21) is DENIED.

4. The court CERTIFIES that Lush's appeal is not taken in good faith for purposes of Federal Rule of Appellate Procedure 24(a)(3) and DENIES Lush leave to proceed *in forma pauperis* on appeal in Case No. 23-cv-537-wmc.

5. Although this court has certified that Lush's appeal is not taken in good faith under Federal Rule of Appellate Procedure 24(a)(3), Lush is advised that he may challenge this finding pursuant to Federal Rule of Appellate Procedure 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, **within thirty (30) days of the date of this order**. With that motion, he must include an affidavit as described in the first paragraph of Federal Rule of Appellate Procedure 24(a), along with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order.

Entered this 21st day of August, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge